### REUBEN S. DENNY vs. GEORGE W. RICHARDSON.

The *St.* of 1851, *c.* 315, § 3, forbids the property of stockholders in a manufacturing corporation, though incorporated since the revised statutes, and before this act took effect, to be taken on execution against the corporation. if there are officers liable, upon whose property the execution may be levied, although the execution was issued on a judgment recovered on a debt payable before this act took effect.

A supersedeas, annexed to an execution issued on a judgment against a manufacturing corporation, as to certain stockholders who had been summoned in the action in which the judgment was recovered, pursuant to *St.* 1851, *c.* 315, § 2, does not exonerate such stockholders from any liability as officers of that corporation. And such execution and supersedeas afford no protection to an officer against another stockholder upon whose property he levies the execution, when there are such persons, liable as officers, and having property upon which the execution might be levied.

ACTION OF TORT against the sheriff of Worcester for the act of his deputy in taking the property of the plaintiff upon an execution issued in favor of Charles A. Trowbridge against the Ontonagon Copper Company, a manufacturing corporation incorporated by *St.* 1846, *c.* 270, the stockholders of which were personally liable for its debts, by reason of its noncompliance with the requisitions of the statutes of this commonwealth.

The action brought by Trowbridge was upon several promissory notes of the company, dated February 22d 1849, and payable respectively in four and five months; and was returnable at March term 1852 of this court in Suffolk. The writ was duly served on the company, and summonses left with Charles Scudder, Isaac Hobbs, Reuben S. Denny and seven other persons, as stockholders of the company. Scudder and Hobbs were possessed of property, and had always been officers of the company, Scudder being president and Hobbs a director, and were the only living officers of the company, except the treasurer, and the only persons, except him, liable to be called upon for the debts of the company under the provisions of *St.* 1851, *c.* 315, § 3. The action was duly entered; the company and Denny, not appearing, were defaulted; and Scudder, and the other individuals upon whom service had been made, appeared and filed affidavits of defence at the first term; and at the next term answers were filed by Scudder and six of the others, and Trow-

bridge filed an agreement to discontinue against Hobbs ; and on the 21st of December 1852, judgment was rendered against the company, upon which, on the 7th of March 1853, execution issued against the company, having indorsed upon it the following : " The officer is hereby directed not to levy this execution in any case upon the goods or estate or the bodies of Isaac Hobbs, Charles Scudder, [and the other seven summoned as stockholders,] stockholders in said company. Geo. C. Wilde, Clerk."

No further proceedings were had as to Scudder or any of the others summoned as stockholders, after the filing of their answers, and no trial or adjudication relative to their liability, unless the execution, in the form in which it issued, is to be so considered. A deputy of the sheriff of Suffolk demanded payment of the execution from the treasurer of the company, who refused for want of funds, and said deputy could find no property of the corporation, nor of the treasurer, upon which to levy the execution. And the defendant's deputy afterwards levied it upon the property of the plaintiff. This case was submitted to the decision of the court upon the facts above stated.

*F. H. Dewey*, for the plaintiff.

*D. Foster*, for the defendant. The Ontonagon Copper Company, by their charter, *St.* 1846, *c.* 270, were made subject to the Rev. Sts. *cc.* 38, 44. Under the Rev. Sts. *c.* 38, § 30, the property of any stockholder liable for the debts of a manufacturing company may be taken therefor on any writ of attachment or execution issued against the company, in the same manner as on executions issued against him, by name, for his individual debts. *Stedman* v. *Eveleth*, 6 Met. 124. *Stone* v. *Wiggin*, 5 Met. 319. Section 37 of Rev. Sts. *c.* 38, authorizing the legislature to amend or repeal any of the provisions of that chapter, expressly provides that " such amendment or repeal shall not take away or impair any remedy, given against any such corporation, its members or officers, for any liability which shall have been previously incurred." As the notes, on which the action against this corporation was brought, were already overdue, when the *St.* of 1851, *c.* 315, took effect, and the stockholders had already

incurred the liability to have their property taken on attachment or execution in any suit on those notes, § 3 of that statute could not oblige the holder to resort to the officers in the first instance, and is not to be so construed. *Curtis* v. *Harlow*, 12 Met. 4. Besides; that section applies only to actions " in which a demand has been made, pursuant to law"; and therefore cannot apply to corporations chartered since the Rev. Sts., as to whom no demand is required; but might perhaps apply to those chartered under *St.* 1808, *c.* 65, § 6, which did require a demand.

If the *St.* of 1851, *c.* 315, § 3, does apply to this case, its provisions have been complied with; for no property of the corporation or of their treasurer could be found; and Scudder and Hobbs, the only other two officers, (happening to be stockholders, though not required to be by law,) had been summoned in the action, and a supersedeas as to them annexed to the execution against the corporation, as provided by § 2. The *St.* of 1851 does not oblige a creditor of the corporation to summon every stockholder, or to contest the liability of every individual summoned, if he is satisfied with the responsibility of the parties who are defaulted.

The direction annexed to this execution is a supersedeas; a supersedeas is not necessarily a writ, or even an express command. Bac. Ab. Supersedeas, A. Fitz. N. B. 236. Jacob's Law Dict. " Supersedeas." Tidd's Forms, 96. This order may be considered either as inserted in or qualifying the mandate of the execution, or as a separate order or direction of the court, of which the clerk's signature is conclusive evidence. *Read* v. *Sutton*, 2 Cush. 115.

At least, the execution, with this direction annexed, being valid on its face, and issuing from a court having jurisdiction of the subject matter, is a protection to the officer, even if the previous proceedings in court were irregular. *Nichols* v. *Thomas*, 4 Mass. 232. *Albee* v. *Ward*, 8 Mass. 83. *Wilmarth* v. *Burt*, 7 Met. 257. *Fisher* v. *McGirr*, 1 Gray, 45. The fact, that this plaintiff was not named in the process, can make no difference; for being a stockholder and liable for the debts of the corporation, the execution ran against him, as in the case of the inhabitants of a

parish or town ; and nothing more is left to parol evidence than in the case of a defendant against whom execution issues by a wrong name.

THOMAS, J. This is an action of tort for the act of the defendant's deputy, in taking the property of tne plaintiff upon an execution against the Ontonagon Copper Company.

An action was commenced against the corporation, and, under the *St.* of 1851, *c.* 315, certain stockholders of the company, and among others the plaintiff, were summoned in. No affidavit of defence having been filed, a default was entered against the corporation and against the present plaintiff. Nothing seems to have been done with regard to the other stockholders summoned, except that, annexed to the execution, we find a memorandum in writing, signed by the clerk of the court. The deputy of the defendant levied the execution upon the property of the plaintiff.

It appears, by the agreed statement of facts, that Charles Scudder, one of the persons summoned as stockholders in the suit against the corporation, was the president of the company when the cause of action accrued and when the judgment was rendered, and that Isaac Hobbs, another of the persons so summoned, was at said times a director, and that each was the owner of property upon which the execution might have been levied.

It is not necessary to determine whether the certificate annexed to the execution was, in form or substance, a supersedeas ; for it is plain that, if it is to have any effect, it is only as to the persons therein named, as stockholders, and that it cannot in any manner affect their liability as officers ; for neither the revised statutes, nor the *St.* of 1851, *c.* 315, have made any provision for summoning in the officers of the corporation in a writ issued against the company. *Thayer* v. *Union Tool Company, ante,* 75.

The *St.* of 1829, *c.* 53, which for the first time made officers of the corporation liable for its debts, as officers, at the same time that it created the liability, determined the remedy, which was an action at law or bill in equity against the officers, setting forth the grounds upon which such officers had rendered themselves personally liable. The provisions of the *St.* of 1829, *c.* 53, are reënacted in the revised statutes.

The *St.* of 1851, *c.* 315, contains no provision for summoning the officers in a suit against the corporation. There is no evidence that the creditor in the suit against the Copper Company designed to summon in the officers of the corporation, or to charge them as such, or in any way to try the question of their liability. The certificate, in terms, applies to those named in it as stockholders.

The question, therefore, which arises in this case and upon these facts is, whether, under the *St.* of 1851, *c.* 315, the property of stockholders can be taken at all while there are officers liable, and upon whose property the execution may be levied. This is to be determined upon the construction of the third section of that statute. The previous sections having provided that the property of the stockholders shall not be taken, unless they have been summoned in, and the question of their liability determined, the third section provides that, "upon any execution issued on any judgment recovered against any corporation, the stockholders whereof are liable for its debts or any part thereof, in which a demand has been made pursuant to law, and the said execution is not satisfied, the person or property of any officer of the said corporation at the time when the cause of action accrued, or when the said judgment was rendered, may be taken; and if no property of such officer can be found to satisfy the said execution, then the person or property of any stockholder may be taken thereon."

Without assuming to determine, because such determination is not necessary, whether, under the *St.* of 1851, upon an execution against the corporation, the property of an officer of such corporation can be taken without a suit in law or equity against him, and without any previous summons or notice, as that of a stockholder might have been before the statute, it seems to us very clear that, where there are officers liable for the debt upon which the judgment was rendered, and having property which could be found to satisfy the execution, the property of the stockholders cannot be taken. That is to say, under the *St.* of 1851 the officers are first liable, and it is only upon failure to satisfy the execution from their property, that the judgment creditor

can have recourse to the person or property of the stockholders. The language of the statute is clear and explicit: " The person or property of any officer of the said corporation at the time when," &c., " may be taken ; and if no property of such officer can be found to satisfy the execution, then the person or property of any stockholder may be taken." It is only in the want of property of the corporation and of its officers, that resort is to be had to the persons or property of the stockholders. It being agreed that Scudder and Hobbs were officers of the Ontonagon Copper Company when the debt accrued, and when the judgment was rendered, the result is that the property of Denny could not be lawfully taken to satisfy said execution.

In looking at the statutes and cases cited by the learned counsel for the plaintiff, we can see no solid ground for the suggestion that the *St.* of 1851, *c.* 315, is not applicable to corporations created under the provisions of *c.* 38 of the revised statutes, and is not applicable therefore to the case at bar. The language of the statute is general and comprehensive, and includes all manufacturing corporations. See §§ 1, 3.

It is suggested that the officer is justified by his execution. If the officer had been requested to levy the execution upon the property of any of the stockholders named in the certificate annexed to the execution, and had refused so to do, he might possibly have found his justification in such certificate. He would at least have been in a position to have raised the question. But upon this other question, whether Scudder and Hobbs were liable, as officers, for the debts of the corporation, he would not find in the certificate, or in the record of the cause, light or protection.

*Judgment for the plaintiff.*